**CONTEMPORARY PLUMBING, INC., and George R. Thompson, Plaintiffs,**

v.

**STATE OF NORTH CAROLINA and State Wholesale Supply, Inc., Defendants.**

Bankruptcy No. 81–0088–Civ.–4.

United States District Court, E. D. North Carolina, New Bern Division.

Dec. 22, 1981.

Richard C. Poole of Howard, Browning & Sams, Greenville, N. C., for plaintiff.

Rufus L. Edmisten, Atty. Gen. by Elisha H. Bunting, Jr., Asst. Atty. Gen., Raleigh, N. C., for defendant State of N. C.

William Pully, Rocky Mount, N. C., for defendant State Wholesale Supply, Inc.

### ORDER

JOHN D. LARKINS, Jr., Senior District Judge:

### SUMMARY

THIS MATTER comes before this Court on plaintiffs' motion for a preliminary in-

junction to prevent the State of North Carolina from enforcing a state criminal judgment against plaintiff, George Thompson. Defendant, State of North Carolina, having timely responded to plaintiffs' motion, this motion is ready for ruling.

After careful independent review of the pleadings herein and after close examination of the arguments presented by counsel, IT IS THE OPINION OF THIS COURT THAT PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION BE DENIED, HIS TEMPORARY RESTRAINING ORDER GRANTED DECEMBER 9, 1981, BE DISSOLVED, AND HIS CASE DISMISSED. .

### FINDINGS OF FACT

On or about September 28, 1981, plaintiff, Contemporary Plumbing, Inc., by and through its President, George R. Thompson, issued a check payable to defendant, State Wholesale Supply, Inc., drawn on Peoples Bank and Trust Company, Greenville, North Carolina, in the amount of Three Thousand Two Hundred Forty-Nine Dollars and fifty-nine cents. ($3,249.59). State Wholesale twice attempted to cash the check but it was dishonored each time.

On October 19, 1981, Contemporary Plumbing, Inc., filed a corporate reorganization petition pursuant to Chapter 11 of the Bankruptcy Code. Plaintiff George Thompson did not file a personal bankruptcy petition. State Wholesale was a listed creditor on plaintiff's petition, the debt represented by the dishonored check.

On or about November 2, 1981, State Wholesale, by and through its agent, R. C. Owens, Jr., caused a criminal summons to be issued against George R. Thompson, for Contemporary Plumbing, Inc., charging that the plaintiff had passed a worthless check in violation of N.C.Gen.Stat. § 14–107. On December 2, 1981, plaintiff pled guilty, on advice of counsel, to a violation of G.S. § 14–107 and was sentenced to 10 days imprisonment suspended for one year on the condition that plaintiff pay State Wholesale the sum of $3249.59. The money was to be paid within 10 days.

On December 9, 1981, plaintiffs filed a motion pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, seeking a temporary restraining order and a preliminary injunction to prevent the State of North Carolina from enforcing its criminal judgment of December 2, 1981, against plaintiff. This Court granted plaintiffs' motion for a TRO effective for 10 days until a hearing could be held on the preliminary injunction. On December 18, 1981, with all parties present, a hearing was held to determine the validity of plaintiffs' motion. Jurisdiction was not contested.

### · CONCLUSIONS OF LAW .

Plaintiffs claim that this Court should grant its motion for a preliminary injunction to prevent irreparable injury. Specifically, plaintiffs argue that if an injunction is not granted, plaintiff Thompson will be jailed for 10 days. His incarceration will prevent him from carrying on his business during its reorganization. He will be unable to reorganize his corporation under Chapter 11 and will be forced to convert to a straight liquidation under Chapter 7. In short, plaintiff's incarceration will prevent him from saving his corporation and as such will cause him irreparable harm. Moreover, plaintiffs contend that the State of North Carolina is using the criminal process to collect a civil debt which frustrates the purpose of the bankruptcy code.

Plaintiffs argue that the case of *In re Penny*, 414 F.Supp. 113 (W.D.N.C.1976), is applicable. This Court disagrees. The *Penny* Court held that where a criminal prosecution for delivery of a bad check was instituted subsequent to the filing of a bankruptcy petition to collect a civil debt only and not to vindicate the rights of the people of North Carolina, the federal court has the power to enjoin such criminal prosecution. Two important distinctions, however, should be noted. First, in *Penny*, the defendant in the state criminal action was also the debtor in bankruptcy. Here, the debtor in bankruptcy was Contemporary Plumbing while the defendant in the state criminal action was George Thompson, indi-

vidually. Second, the debtor in *Penny* pled not guilty to his criminal charge. In the instant case, plaintiff Thompson pled guilty to the worthless check charge and by doing so, consented to the sentence imposed by the court. Under state procedural law, he could not appeal his guilty plea. He could only appeal an abuse of discretion by the court in imposing sentence. This Court cannot now grant plaintiff relief from his guilty plea, especially where he is without such relief in state court. .

 Federal courts cannot enjoin on federal constitutional grounds the prosecution of state criminal proceedings in the absence of a showing that the danger of irreparable injury is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Plaintiffs' anticipated irreparable injury is neither great nor immediate. It is doubtful plaintiff will be unable to reorganize his corporation under Chapter 11 if a 10 day incarceration period is executed. As a debtor in possession, he will still be able to carry out his reorganization activities without great hardship. Plaintiffs have therefore failed to show that a short, anticipated period of incarceration for plaintiff Thompson would result in great, immediate, and irreparable injury.

### ORDER

Based upon the foregoing findings of fact and conclusions of law, IT IS THEREFORE ORDERED THAT PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION IS DENIED, HIS TEMPORARY RESTRAINING ORDER IS DISSOLVED AND HIS CASE DISMISSED.

SO ORDERED.